AMY, J.,
concurring in the result.
| iLike the majority, I find that an affirmation is required in this case. However, in my view, the damages and penalties awarded pursuant to La.R.S. 22:1973 must be affirmed under the wording of the statute alone. I do not find that this is a case controlled by Sultana Corp. v. Jewelers Mut. Ins. Co., 03-0360 (La.12/3/03), 860 So.2d 1112.
Louisiana Revised Statutes 22:1973 distinctly provides for damages sustained due to a breach of the duty of good faith and fair dealing, under Paragraph A, and for penalties due to that breach, under Paragraph C.
In my view, the record supports the jury’s $50,000 award for damages due to the breach of duties owed under La.R.S. 22:1973(A). As cited by the majority, Mr. Guidry sustained medical expenses and experienced pain, suffering, and frustration associated with the multi-year delay in treatment. Thus, the plaintiff presented proof of these damages and the award of damages in the amount of $50,000 is supported.
As for the penalty provision, La.R.S. 22:1973(0 separately provides for penalties not to exceed “two times the damages sustained” or “five thousand dollars, whichever is greater.” In this case, and as stated above, the record supports the view that Mr. Guidry sustained $50,000 of general and special damages under Paragraph (A). Thus, the $100,000 penalty awarded in this case is 12permissible under the La.R.S. 22:1973(0 as it is “two times the damages sustained[.]” I do not find that this type of award could be supported absent proof of actual damages insofar as the damages are necessary for the calculation. On this point, I depart from the majority’s reference to Sultana, 860 So.2d 1112.
The facts of Sultana, 860 So.2d at 1118, are at odds with the present matter insofar as the plaintiff in the supreme court case was “entitled to seek general or special damages from its insurer[,]” but it “chose not to seek such damages[.]” Although the plaintiff in Sultana did not seek or prove actual damages, the supreme court found that a penalty was still available under La.R.S. 22:1973(C). In my view, such an award would be under the alternative, $5,000 award under Paragraph (C) as the calculation necessary for the arguably greater award would be impossible without proof of the amount of damages sustained. In reaching its conclusion, the supreme court in Sultana favorably cited this *1291 court’s opinion in Midland Risk Ins. Co. v. State Farm Mut. Auto. Ins. Co., 93-1611 (La.App. 3 Cir. 9/21/94), 643 So.2d 242, a case in which only the $5,000 penalty was at issue.
In this case, since the plaintiffs proved and were awarded general and special damages, I believe that the $100,000 penalty is permissible insofar as it is “two times the damages sustained.” The majority’s reference to proof of actual damages being unnecessary is irrelevant under these facts since the record contains proof of damages. Thus, I would affirm the damages and penalties in light of the evidence in the record and under the terms of La.R.S. 22:1973(A) and (C).
For these reasons, I concur in the result.